**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANDRAKANT CHANDRA SHINDE, | No. 12-55903 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01816-PA-MAN |
| v. | |
| COFFMAN ENGINEERS, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 22, 2014[**]

Before:   GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Chandrakant Chandra Shinde appeals pro se from the district court's

summary judgment in his diversity action alleging, among other claims,

discrimination on the basis of race, religion, and national origin in violation of the

California Fair Employment and Housing Act ("FEHA") and wrongful termination

_____

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of public policy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Deppe v. United Airlines*, 217 F.3d 1262, 1264 (9th Cir. 2000), and we affirm.

The district court properly granted summary judgment on Shinde's discrimination claims under the FEHA because, even assuming that Shinde established a prima facie case of discrimination, he failed to raise genuine dispute of material fact as to whether defendant's non-discriminatory reason for firing him was pretextual. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14, 1118-19 (Cal. 2000) (setting forth burden-shifting framework for analyzing claims of discrimination based on a theory of disparate treatment under the FEHA; noting that summary judgment for the employer is appropriate where, given the strength of the employer's legitimate reasons, any countervailing circumstantial evidence is too weak to raise a rational inference that discrimination occurred).

The district court properly granted summary judgment on Shinde's wrongful termination claim, which was premised on the alleged violation of the anti-discrimination policy embodied in the FEHA, for the same reasons as his FEHA claims. *See Holmes v. Gen. Dynamics Corp.*, 22 Cal. Rptr. 2d 172, 177 n.8 (Ct. App. 1993) (setting forth elements of a claim for wrongful termination in violation of public policy under California law); *see also Turner v. Anheuser-Busch, Inc.*,

876 P.2d 1022, 1032-33 (Cal. 1994) (discussing "the violation of public policy" element of a claim for wrongful termination in violation of public policy).

Defendant's request for summary dismissal of the appeal due to Shinde's failure to comply with briefing deadlines, set forth in its answering brief, is denied.

**AFFIRMED.**